IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLE SIMMERS, <br>     Plaintiff, | ) <br> ) <br> ) | CIVIL DIVISION |
|     v. | ) <br> ) | Civil Action No. 5:26-cv-01475 |
| CORNELL ABRAXAS GROUP, LLC, and <br> THE GEO GROUP, INC., <br>     Defendants. | ) <br> ) <br> ) <br> ) | JURY TRIAL DEMANDED |

## BRIEF IN SUPPORT OF DEFENDANTS' RULE 12 MOTION TO DISMISS

Defendants, Cornell Abraxas Group LLC, The GEO Group, Inc., by and through their attorneys, MacDonald, Illig, Jones & Britton LLP, file the following Brief in Support of their Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure:

## I.    STATEMENT OF FACTS

Between 2012 and 2014, Kyle Simmers ("Plaintiff"), then a "16 or 17 year old" youth, was ordered to reside at Defendant Cornell Abraxas Group, LLC's Abraxas Academy facility. *ECF No. 1,* ¶s 11, 14(a). Plaintiff alleges that during the course of his court-ordered placement at Abraxas Academy between 2010 and 2014, he was sexually and physically abused by Abraxas Academy staff members. *Id.* at ¶s 14(c)-(i). Plaintiff alleges that he "tried to stop Eric Williams from sexually abusing him, yet was scared if he did so [they] would provide negative information about Plaintiff to his supervisory authorities which could jeopardize his ability to be release from Abraxas' custody." *Id.* at ¶ 14(e).

## II.    STATEMENT OF QUESTIONS INVOLVED

1.    Whether Plaintiff's Section 1983 claims are barred by the two-year statute of limitations.

2.    Whether Plaintiff's Complaint complies with Rules 8 and 10 of the Federal of Rules of Civil Procedure.

3.    Whether Plaintiff's Complaint adequately states a *Monell* claim.

## III.    SUMMARY OF THE ARGUMENT

Plaintiff instant lawsuit constitutes Defendants *first notice* of alleged claims of abuse. *ECF No. 1,* at ¶s 11-17.    While Plaintiff's claims of alleged sexual abuse by staff members of Cornell Abraxas Group, LLC's (hereinafter referred to as "Abraxas") Abraxas Academy in 2012-2014 are serious, this fact alone does not render his Section 1983 timely, nor does it obviate Plaintiff's need to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, or otherwise put forth sufficient factual matter to state a claim for relief under Rule 12.

## IV.    ARGUMENT

### A.    Rule 12(b)(6) Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d. Cir. 1993).    When ruling on a defendant's motion to dismiss, a judge must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 526-27 (3d. Cir. 2018).    In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to establish plausible allegations. *Id.*, at 644 (citing *Twombly*, 550 U.S. at 555). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, at 662, 678 (citing *Twombly*, 550 U.S. at 544, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id.*, (citing *Twombly*, 550 U.S. at 556).

Following Twombly/Iqbal, a District Court should apply the following three-step approach when ruling on a defendant's motion to dismiss:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d. Cir. 2010)).

This determination is a "context-specific task that requires the reviewing court to draw on its own judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Moreover, it is well settled that: "[t]he Federal Rules of Civil Procedure require that a Complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Federal Civil Procedure 8(a)(2), and that each averment be 'concise, and direct,' Federal Civil Procedure 8(d)(1)." *Scibelli v. Lebanon County*, 219 F.Appx. 221, 222 (3rd Cir. 2007). Rule

10(b) requires, for purposes of clarity, "that each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."  Thus, when a Complaint is illegible or incomprehensible or when a Complaint is also largely unintelligible, an order dismissing a Complaint under Rule 8 is clearly appropriate.  See *Mincy v. Klem*, 303 F.Appx. 106 (3rd Cir. 2008); *Stephanatos v. Cohen*, 236 F. Appx. 785, 787 (3rd Cir. 2007).

### B.       §1983 Actions

Section 1983 states, in pertinent part:

> Every person, who, under color of state statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof of deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983.

Section 1983 is not a source of substantive rights but provides a vehicle by which violations of federal law committed by state actors can be vindicated.  *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  Thus, a plaintiff asserting a civil rights violation under §1983 must establish (1) the deprivation of a right secured by the United States Constitution or federal law; and (2) that the alleged violation was committed by a person acting under color of state law.  *Kneipp*, 95 F.3d at 1204 (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)).

### C.       Plaintiff's Section 1983 Claims are Time-Barred

It is firmly established that while the running of the statute of limitations is an affirmative defense, a Court may nonetheless grant a motion to dismiss on statute of limitation grounds when the "defense is apparent on the face of the complaint."  *Wisniewski v. Fischer,* 857 F.3d 153, 157

(3d Cir. 2017); *Gunn v. Cornell Abraxas Grp., LLC,* 751 F. Supp. 3d 530, 536 (W.D. Pa. Sept. 27, 2024). "Section 1983 borrows its statute of limitations from the personal injury tort law of the state where the cause of action arose." *Gunn,* 751 F. Supp. 3d at 536 (citing *Nguyen v. Pennsylvania,* 906 F.3d 271, 273 (3d Cir. 2018)). "Where a state has multiple statutes of limitations for personal injury actions, courts 'should borrow the general or residual statute for personal injury actions,'" not a specialized statute of limitations only applicable to a narrow subset of personal injury tort law claims. *Id.* at 537 (citing *Fischer v. Hollingsworth,* 115 F.4th 197, 210-11 (3d Cir. 2024))*; See also Owens v. Okure,* 488 U.S. 235, 243-50 (1989). Accordingly, the applicable statute of limitations period for Section 1983 claims in Pennsylvania is two years. *Id;* See also *Moore v. Temple Univ.,* 674 F. App'x 239, 241 (3d Cir. 2017); See also 42 Pa. C. S. A. §5524. Here, Plaintiff's Complaint plainly states that he was sixteen or seventeen years old between 2012 and 2014 when the alleged sexual abuse occurred, which means he would have turned eighteen in 2014 or 2015. *ECF No. 1* at ¶s 11, 14(a). Thus, Plaintiff needed to file his Section 1983 claims sometime in 2017 or 2018. Accordingly, his Section 1983 claims are time-barred, unless, it may be inferred from the allegations in his Complaint they (1) did not accrue until sometime later; or (2) were tolled.

Well established principles of federal law foreclose any question that Plaintiff's claims accrued in 2012 or 2014 when the alleged abuse occurred. The statute of limitations period begins to run on the accrual date, which is governed by federal law. *Kach v. Hose,* 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Lake v. Arnold,* 232 F.3d 360 (3d Cir. 2000). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time plaintiff suffers injury." *Kach,* 589 F.3d at 634. This is especially true with respect to the offenses of assault and battery insofar as "all the elements of the offensive

touching will be present and ascertainable by the plaintiff at the time of the touching itself." *Getchey v. County of Northumberland,* 120 Fed Appx. 895, 899 (3d Cir. 2005)(citing *Dalrymple v. Brown,* 701 A.3d 164, 170 (Pa. 1997); See also *Fischer,* 115 F.4th 197(finding inmate's claims accrued at time inmate was raped because inmate "knew of or had reason to know of [the] injuries" even though prison officials allegedly told inmate not to discuss the rape or speak with an attorney, otherwise the abuser would seek revenge). Plaintiff's Complaint plainly alleges that numerous Abraxas employees repeatedly subjected him to a variety of forms of sexual abuse during his placement. *Id.* at ¶s 14(c)-(h). Crucially, Plaintiff was clearly aware of his injuries insofar as he alleges he "tried to stop and resist these multiple staff members from sexually abusing him[.]" *Id.* at 14(e). While Plaintiff's Complaint may be construed as alleging he should not be charged with knowledge that the sexual abuse he suffered constituted an injury due to alleged offers of extra privileges and/or overt threats of retaliation, numerous courts have found that a reasonable person should have known that sexual abuse constituted an injury at the time of the abuse. *Gunn,* 751 F. Supp. 3d at 537 (collecting cases).

Finally, Plaintiff's Complaint may arguably be construed as invoking the doctrine of "fraudulent concealment" as a means of tolling the statute of limitations. Specifically, Plaintiff alleges "[i]t is averred Defendants staff, supervisors, administrators, and employees actively discouraged and prevent disclosure to third parties about any claims of child abuse against any staff member at any facility operated by the Defendant." *ECF No. 1,* at ¶17. "In order for fraudulent concealment to toll the statute of limitations, the defendant must have committed some affirmative independent act of concealment upon which the plaintiff justifiably relied." *Gunn,* 751 F. Supp. 3d at 538 (citing *Leonard v. City of Pittsburgh,* 570 Fed. App'x 241, 245 (3d Cir. 2014)). "Mere mistake, misunderstanding or lack of knowledge is insufficient however; and the burden of

proving such fraud or concealment by evidence which is clear, precise and convincing is upon the asserting party." *Id.* (citing *Rice v. Diocese of Altoona-Johnstown,* 255 A.3d 237, 248 (Pa. 2021)). Lastly, a plaintiff must exercise reasonable diligence to discover his injury to toll the statute of limitations under the doctrine of fraudulent concealment. *Id.*

Plaintiff's bald and conclusory averment that Defendants' employees "actively discouraged and prevented disclosure to third parties" is patently insufficient under the holdings of *Iqbal, Twombly,* and *Kach.* Here, Plaintiff fails to allege specific and particular affirmative acts of concealment such as Abraxas employees denying that the injury occurred or misleading the Plaintiff regarding the availability of a cause of action. *Id.* at 540 (citing *Getchy,* 120 Fed. App'x at 899). Plaintiff was obligated, within two years of turning eighteen, to investigate his claims, and it is apparent from the face of the Complaint that he did not do so. In 2019 or 2020, Plaintiff knew Abraxas employees repeatedly subjected him to a variety of forms of sexual abuse during his placement. In fact, Plaintiff was aware of the individuals' names who allegedly caused his injuries. Finally, Plaintiff's Complaint is further devoid of allegations that he took any action to investigate these incidents in the two years after he turned eighteen. Accordingly, Plaintiff's Complaint fails to allege sufficient facts from which this Court may deem the statute of limitations tolled under the doctrine of fraudulent concealment.

### D.    Plaintiff's Complaint is a shotgun pleading

Complaints that violate Rules 8 and 10 of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *Bartol v. Barrowclough,* 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017); See also *Hynson v. City of Chester Legal Dep't,* 864 F.2d 1026, 1031, n. 13 (3d Cir. 1988). The Third Circuit has adopted the Eleventh Circuit Court of Appeals approach regarding "shotgun

pleadings", identifying four readily identifiable categories of complaints as follows: (1) complaints that contain multiple counts where each count adopts the allegations of all preceding counts; (2) complaints that are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) complaints that do not separate into each count each cause of action or claim for relief; and (4) complaints that assert multiple claims against multiple defendants without specifying which of them are responsible for which acts or omissions. *Bartol,* 251 F. Supp. 3d at 859 (citing *Welland v. Palm Beach County Sheriff's Office,* 792 F.3d 1313, 1321-1323 (11th Cir. 2015); See also . "[A]lthough there are several characteristics that can make a complaint a shotgun pleading, they all have in common one thing: 'fail[ure] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Grande v. Starbucks Corp.,* Civil Action No. 18-04036, 2019 W.L. 1455445 at *3 (E.D. Pa. Apr. 1, 2019).

Plaintiff's Complaint does not comply with the substance of Rules 8 and 10 of the Federal Rules of Civil Procedure.  Here, Plaintiff amalgamates constitutional claims for "excessive force," "failure to protect," and *Monell* under a catch all "Section 1983" claims against Defendants. Specifically, Plaintiff alleges "[t]he Fourth, Eighth, and Fourteenth Amendments to the United States Constitution protects Plaintiffs and the Class(sic) from physical abuse and unreasonable or excessive force from Defendants.  These Amendments also require Defendants to establish policies and practices to protect Plaintiffs and the Class(sic) from known harms and known patterns of constitutional deprivations." *ECF No. 1,* at ¶s 19, 23.  Plaintiff further asserts "[t]he facility failed, with deliberate indifference, to provide a safe custodial setting for Plaintiff, by failing to properly train, supervise, and discipline the staff at the facility and as a proximate result of the policies, practices, and customs, the Defendants subjected Plaintiff to excessive and unreasonable force, a failure to protect from, and other abuses alleged in the Complaint." *Id.* at ¶s 20, 24.  Plaintiff's

Complaint clearly asserts multiple constitutional causes of action; however, it fails to specify which specific amendments to the United States Constitution apply to Plaintiff's claims[1] and which of the defendants are responsible for alleged acts or omissions. This is especially true with respect to Plaintiff's putative *Monell* claim.

### E.    Plaintiff has failed to state a *Monell* claim

"[A] municipal government may be liable under § 1983 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury' alleged by the plaintiff." *Jefferson v. Lias*, 21 F.4th 74, 78 (3d Cir. 2021) (quoting *Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978)). However, municipal liability will not lie if advanced "under a *respondeat superior* theory" of liability. *Johnson v. City of Philadelphia*, 975 F.3d 394, 403 (3d Cir. 2020) (citation omitted). Instead, the plaintiff must show the official action was the direct cause of the constitutional violation. *Id.* (citing *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014)). Thus, a plaintiff seeking recovery under a *Monell* theory of liability must show the constitutional violation was proximately caused by either: (1) an official policy; (2) an official custom; (3) a failure to train as evidenced by a pattern of similar constitutional violations; or (4) a failure to train as evidenced by a "single-incident" involving circumstances where the need for training is so obvious official policy makers can be said to have acted with deliberate indifference to the claimant's constitutional rights. *See Est. of Roman v. City of Newark*, 914 F.3d 789 (3d Cir. 2019); *Thomas*, 749 F.3d, at 223 (citing *City of Canton v. Harris*, 489 U.S. 378, 390 n.10 (1989)).

---

[1] This is especially troublesome and confusing for purposes putative Eighth and/or Fourteenth Amendment claims for "excessive force" and "failure to protect" given Plaintiff's status as a juvenile at time of the alleged abuse. See e.g. *Kinsley v. Hendrickson,* 576 U.S. 389 (2015).

Municipal policy is distinct from municipal custom. "Policy is made when a decisionmaker possessing final authority to establish municipal policy . . . issues an official proclamation, policy, or edict." *Est. of Roman*, 914 F.3d, at 798 (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). As an example, policies may be effected through implementation of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S., at 690. Alternatively, a municipal custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Est. of Roman*, 914 F.3d, at 798 (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). Regardless of its form or title, the substance of the official custom must "be so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S., at 691 (footnote omitted).

As a third theory of municipal liability, a *Monell* claim may be predicated upon a public entity's alleged failure to train, supervise, or discipline. *See Est. of Roman*, 914 F.3d, at 798 (citing *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997)). There, "a plaintiff need not allege an unconstitutional policy[;]" rather, the failure to train must be supported by evidence which "reflects a deliberate or conscious choice." *Id.* (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001)). The alleged failure to train can only serve as a basis for Section 1983 liability where it "amounts to deliberate indifference to the rights of persons with whom the [municipality] come[s] into contact." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).  Deliberate indifference must be supported by evidence showing: (1) "municipal policy makers know that employees will confront a particular situation[;]" (2) "the situation involves a difficult choice or a history of employees mishandling[;]" and (3) "the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* at 798 (quoting *Doe v. Luzerne County*, 660 F.3d

169, 180 (3d Cir. 2011)). Notice is essential. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011). "Without notice that a course of training is deficient, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.*

Finally, under any theory of municipal liability, a plaintiff must plead and prove "the policy or custom was the 'proximate cause' of his injuries." *Est. of Roman*, 914 F.3d, at 798 (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)); *see also Thomas*, 749 F.3d, at 226 ("Causation is a requirement for failure-to-train liability[.]"). The proximate cause burden requires production of evidence sufficient to "demonstrat[e] an 'affirmative link' between the policy or custom and the particular constitutional violation he alleges." *Id.* (citing *Bielevicz*, 915 F.2d, at 850). An affirmative link is established where the municipality possessed "knowledge of 'similar unlawful conduct in the past, ... failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal alterations omitted).

Plaintiff's putative *Monell* claims are woefully inadequate under holdings of *Iqbal* and *Twombly. See e.g., Wood v. Williams,* 568 Fed. App'x 100, 104 (3d. Cir. 2014)(Upholding the District Court's finding that paraphrasing the elements of *Monell* liability are insufficient to satisfy the pleading requirements for a *Monell* claim). Here, Plaintiff's Complaint invokes theories of "policy and practice" liability and "failure to train and/or supervise" but the Complaint does not identify any specific policy, custom, or practice of Abraxas or The GEO Group, Inc. or *their policy makers* that caused Plaintiff's alleged harm. See *ECF No. 1*. Quintessentially, Plaintiff's putative *Monell* claims are nothing more than a "threadbare recital of the elements" of a *Monell* claim. Moreover, Plaintiff's Complaint is devoid of allegations demonstrating a pattern of similar violations for purposes of establishing Defendants' alleged deliberate indifference. Plaintiff's theories of "failure to train and/or supervise" are equally flawed. Here, Plaintiff has not alleged

facts from which it can be reasonably inferred that Abraxas or The GEO Group, Inc.'s alleged failure to train its staff members reflects a deliberate or conscious choice. It is apparent from the Complaint that his *Monell* claims rest upon totally unsubstantiated, bald, and conclusory assertions such as that the Defendants "cultivated" an "inexcusable culture" which permitted or promoted abuse. *ECF No. 1,* at ¶4. Accordingly, Plaintiff has failed to state a *Monell* claim.

## IV.    CONCLUSION

Plaintiff's Section 1983 claims are facially and patently time-barred, therefore they must be dismissed with prejudice. In the absence of viable claims over which this Court has original jurisdiction, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Accordingly, the Defendants, Cornell Abraxas Group, LLC, and The GEO Group, Inc., respectfully request an Order from this Honorable Court granting their Motion to Dismiss and dismissing Plaintiff's Complaint against them.

Respectfully submitted,

*/s/ Jamie R. Schumacher*
Jamie R. Schumacher, Esquire
PA ID #318873
Nathan P. Venesky, Esquire
PA ID #331988
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7613
FAX (814) 454-4647
jschumacher@mijb.com
nvenesky@mijb.com

Attorneys for Defendants,
    Cornell Abraxas Group, LLC, and The GEO
    Group, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KYLE SIMMERS,                                    )        CIVIL DIVISION
      Plaintiff,                                )
                                                   )
          v.                                          )        Civil Action No. 5:26-cv-01475
                                                   )
CORNELL ABRAXAS GROUP, LLC, and                  )
THE GEO GROUP, INC.,                             )
      Defendants.                               )        JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendants' Brief in Support of Rule 12 Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties who have appeared of record by operation of the Court's ECF system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Jamie R. Schumacher*
Jamie R. Schumacher, Esquire